# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RATIONAL FT ENTERPRISES LIMITED,

    Plaintiff,

v.

ERICK ALLEN LINDGREN,

    Defendant.

Case No. 2:15-cv-00179-LDG (NJK)

**ORDER**

    Plaintiff Rational FT Enterprises moves for a default judgment (ECF No. #20) against defendant Erick Allen Lindgren. Defendant, who has never appeared in this matter, has not filed an opposition. Having considered the pleadings, moving papers and the record, the Court will grant the motion.

    Plaintiff filed its complaint against Defendant on January 30, 2015, alleging claims for breach of quasi-contract, unjust enrichment, and conversion. Defendant was personally served on February 3, 2015. Defendant did not file an answer or otherwise appear. Plaintiff requested that the Clerk of the Court enter a default on February 27, 2015. The default was entered on March 3, 2015.

On March 20, 2015, Plaintiff filed its first motion for default judgment. Plaintiff served a copy of its application on Defendant. Defendant did not respond.

Plaintiff filed a notice of Defendant's bankruptcy filing on June 29, 2015. As this matter was automatically stayed, the Court denied the motion for default judgment without prejudice.

On June 12, 2017, Plaintiff filed a notice that Defendant's bankruptcy proceeding had been dismissed. The Court lifted the stay of this proceeding on June 15, 2017. Plaintiff renewed its Motion for Default Judgment on June 20, 2017. Plaintiff served a copy of its application on Defendant. Defendant did not respond.

The Ninth Circuit has identified the following factors which may be considered by a district court in exercising discretion whether to enter a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

The Court begins by considering Plaintiff's complaint and the merits of its substantive claims. "[T]his court must take the well-pleaded factual allegations of Cynthia's cross-complaint as true." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). "However, it follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

Under Nevada law, "'[t]he essential elements of quasi-contract are a benefit conferred on the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value

2

thereof.'" *Unionamerica Mortgage & Equity Trust v. McDonald*, 97 Nev. 210, 212, 626 P.2d 1272, 1273 (1981) (quoting *Dass v. Epplen*, 162 Colo. 60, 424 P.2d 779, 780 (Colo. 1967)). "Unjust enrichment occurs whenever a person has and retains a benefit which in equity and good conscience belongs to another." *Id.* Under Nevada law, conversion is "a distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with his title or rights therein or in derogation, exclusion, or defiance of such title or rights." *Evans v. Dean Witter Reynolds, Inc.*, 116 Nev. 598, 606, 5 P.3d 1043, 1048 (2000).

In its complaint, Plaintiff alleges that its predecessor-in-interest, Full Tilt Poker, erroneously deposited $2,000,000 in Defendant's bank account. Officers of Full Tilt Poker requested Defendant to return the erroneous deposit. Defendant did not and has not returned the erroneous deposit.

In addition, Full Tilt Poker advanced $531,807 to Defendant. Full Tilt Poker requested repayment of the $531,807 that was loaned to Defendant. Defendant did not repay, and has not repaid, the loan. Full Tilt Poker assigned its entire right, title and interest in its claims against Defendant to Plaintiff.

The amount of money at issue is substantial. However, that amount of money also reflects the benefit that was erroneously conferred upon Defendant which Defendant did not return and the amount of money that was loaned to Defendant which Defendant did not repay. Plaintiff has not sought damages other than the repayment of funds erroneously given to Defendant and the return of funds loaned to Defendant which he has not repaid.

As a result of the defendant's failure to appear, the record does not reflect a possibility of dispute as to any material fact.

The record does not support an inference that the defendant's default resulted from excusable neglect. This specific action was filed more than two years ago. The defendant was personally served, but failed to appear. Plaintiff obtained a default and sought entry of

3

a default judgment. Defendant was served a copy of that first application but did not respond. Upon Defendant's initiation of bankruptcy proceedings, this matter was stayed and the first motion for default judgment was denied without prejudice. Following the dismissal of the bankruptcy, Plaintiff brought the instant application for entry of default judgment and Defendant was again served with a copy of the application. Defendant has failed to respond despite these notifications.

Although federal policy favors decisions on the merits, the existence of Rule 55(b)(2) recognizes that the entry of default judgment is appropriate in circumstances, such as this, in which the defendant's failure to appear precludes litigating the issues on the merits.

Having considered the factors outlined in *Eitel*, the Court finds that entry of default judgment against Defendant and in favor of Plaintiff in the amount of $2,531,807 is appropriate. Therefore,

THE COURT **ORDERS** that Plaintiff's Motion for Entry of Default Judgment (ECF No. 20) is GRANTED.

DATED this \_\_17\_\_ day of October, 2017.

Lloyd D. George
United States District Judge